IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHIL H. WILLIAMS, SR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SANTA CLARA COUNTY, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | No. C 04-0352 RMW (PR) <br><br> ORDER OF DISMISSAL <br> WITH LEAVE TO AMEND |

Plaintiff, a pro se civil detainee at the Santa Clara County Jail pursuant to California's "Sexually Violent Predators Act" ("SVPA") (California Welfare & Institutions Code § 6600 et seq.), filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act ("ADA").  Plaintiff has been granted leave to proceed in forma pauperis.  In December 2003, plaintiff was housed at the Santa Clara County Jail pending trial proceedings pursuant to Welfare & Institutions Code § 6604.  Plaintiff alleges that the conditions of his confinement at the jail amount to punishment in violation of his constitutional rights.  Plaintiff seeks compensatory and punitive damages, along with declaratory and injunctive relief.  The court will review plaintiff's complaint pursuant to 28 U.S.C. §1915.

# DISCUSSION

## A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which the Plaintiff is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2). The court must dismiss the action if at any time it determines that the allegations of poverty in the in forma pauperis application are untrue, the action is frivolous or malicious, the action fails to state a claim, or the plaintiff seeks monetary relief from a defendant who is immune. Id. Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

## B. Legal Claims

Plaintiff is currently housed in the county jail for a trial on whether he should be involuntarily committed under the sexually violent predator law. Plaintiff's complaint sets forth five claims alleging violations of his civil rights and one claim alleging a violation of the Americans With Disabilities Act. Plaintiff's claims fail at the outset because plaintiff does not set forth specific facts showing how each defendant proximately caused a constitutional deprivation. For a claim to be cognizable, a plaintiff

must "set forth specific facts as to each individual defendant's deprivation of protected rights. Leer, 844 F.2d at 634. But here, plaintiff makes conclusory allegations against defendants without explaining exactly the dates of when the alleged violations occurred, what happened, how it happened, the circumstances, or the actions of each individual involved. As such, the complaint does not state a cognizable claim against any of the defendants.

Furthermore, the complaint does not meet the requirement of Federal Rule of Civil Procedure 8(a) that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." It is generalized and lacking in detail that requiring defendants to attempt to frame a response to it would be unfair. The lack of detail also prevents the court from determining whether the complaint warrants service on defendants. For example, plaintiff's claim that he is subject to punitive conditions of confinement, including routine strip and body cavity searches, searches of his legal and personal property; defendants would be hard-pressed to respond to the claim because plaintiff does not identify who subjected him to this conduct, when it occurred, and does not provide any details as to the specific actions of the individuals involved.

Plaintiff must allege facts supporting each claim separately in his amended complaint showing his entitlement to relief from the defendants. For example, if plaintiff wants to claim that the food served was in violation of some constitutional right he has, he should describe what the food was, when it was served to him, describe how the defendants became aware of its alleged unsanitary character, describe what the defendants did or failed to do, and describe how each defendant's acts or omissions caused him injury. Plaintiff must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to the defendants as a group, i.e., "the defendants;" rather, he should identify each involved defendant by name and link each of them to a specific claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights.

\\\

1    As to plaintiff's claims against the named defendants: Santa Clara County and
2 James Babcock, Chief of the Santa Clara County Department of Corrections, plaintiff is
3 cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability
4 under the theory that one is responsible for the actions or omissions of an employee.
5 Liability under Section 1983 arises only upon a showing of personal participation by the
6 defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be
7 liable under section 1983 upon a showing of (1) personal involvement in the
8 constitutional deprivation or (2) a sufficient causal connection between the supervisor's
9 wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942
10 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).

11    Similarly, a city or county may not be held vicariously liable for the
12 unconstitutional acts of its employees under the theory of respondeat superior, see Board
13 of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Monell v. Dep't of Social
14 Servs., 436 U.S. 658, 691 (1978); Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir.
15 1995). To impose municipal liability under § 1983 for a violation of constitutional rights,
16 a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or
17 she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to
18 deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the
19 moving force behind the constitutional violation. See Plumeau v. School Dist. #40
20 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

21    Plaintiff will be given leave to amend the complaint to cure these deficiencies.
22 Accordingly, the court grants plaintiff leave to file an amended complaint within **thirty**
23 **days** of the date this order is filed to include sufficient facts to support his claim against
24 each individual defendant and the alleged constitutional violations he suffered.
25 \\\
26 \\\
27 \\\
28 \\\

**CONCLUSION**

1. Plaintiff's complaint is hereby DISMISSED with leave to amend, as indicated above, within **thirty days** from the date of this order. The amended complaint must include the caption and civil case number used in this order (04-0352 RMW (PR)) and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992). Plaintiff may not incorporate material from the amended complaint, such as supporting documentation or exhibits, by reference. Plaintiff must include all documentation and supporting information with the second amended complaint. **Failure to amend within the designated time will result in the dismissal of the complaint without prejudice.**

2. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   4/15/2006               /s/ Ronald M. Whyte
                                 RONALD M. WHYTE
                                 United States District Judge

1
2  On     4/19/2006                    , a copy of this order was mailed to the following:
3
4  Phil H. Williams Sr.
   03064786/ANO-014
   Santa Clara County Jail
5  885 N. San Pedro Street
   San Jose, CA  95110
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Order of Dismissal With Leave to Amend
P:\pro-se\sj.rmw\cr.04\Williams352dwlta           6